UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 12-MC-009-C**

**IN RE: JERRY JOE BATT,**                                                    **DEBTOR.**
_____

**JULIE APPERSON,**                                                          **PLAINTIFF,**

**V.**               **MEMORANDUM OPINION AND ORDER**

**SCOTT BLECKNER, et al.,**                                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the Scott J. Savage Revocable Living Trust and the Peter P. Pilliod Revocable Living Trust to withdraw the reference of the underlying Adversary Proceeding, No. 12-3009, from the United States Bankruptcy Court for the Western District of Kentucky (R. 1). Because the movants have not articulated sufficient cause for withdrawal, the court will deny the motion.

The Adversary Proceeding involves claims asserted by the Trustee, Julie Apperson, against the movants for contractual indemnity arising out of an Operating Agreement of Timberstone Retail Group, LLC. Fifth Third Bank filed a proof of claim in the debtor's bankruptcy estate that seeks payment on the debtor's guarantee on a loan Fifth Third made to Timberstone. The trustee seeks indemnification from the movants on that claim under the terms of the Operating Agreement. The movants have requested that the court withdraw the reference of the Adversary Proceeding because it involves a contractual indemnity claim that

1

they assert is a non-core proceeding; because they maintain that only an Article III court may enter a final order because they have not filed proofs of claim in the bankruptcy proceeding; and because they have requested a jury trial and will not consent to the jury trial being conducted by the Bankruptcy Court.

District courts may refer "any or all" bankruptcy cases to the bankruptcy courts in their district, 28 U.S.C. § 157(a); in the Western District of Kentucky, Local Rule 83.12 provides for the automatic referral of most bankruptcy matters. The district court may, however, "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  The instant motion is apparently timely, as neither party has addressed the issue of timeliness.  Thus, the sole determination before the court is whether the movants have shown cause for the withdrawal of the reference.

In determining what constitutes "cause," the court considers many factors, including judicial economy, uniformity in bankruptcy administration, forum shopping, economical use of the parties' resources, and whether there is a jury demand. *See Big Rivers Elec. Corp v. Green River Coal Co., Inc.*, 182 B.R. 751, 754 (1995).  Withdrawal is appropriate where the cause is shown to be "compelling" or there exist "truly exceptional and compelling circumstances." *In re Black Diamond Min. Co., LLC*, No. 10-84-KKC, 2010 WL 5173271, *1 (E.D. Ky. Dec. 14, 2010).  No such circumstances appear in this case.

2

First, the movants assert that the Adversary Proceeding is a non-core matter, and that the interests of judicial economy and preserving the resources of the parties dictate withdrawal because in such matters the Bankruptcy Court is empowered only to propose findings of fact and conclusions of law for *de novo* district court review. *See* 28 U.S.C. § 157(c)(1). It is not, however, the province of the district court to decide whether a matter is core or non-core; instead, that determination is vested in the bankruptcy courts pursuant to 28 U.S.C. § 157(3). *See Black Diamond* at *2. Though neither party has stated whether the Bankruptcy Court has ruled on the issue, their arguments before this court imply that it has not. The movants' arguments as to the nature of the Adversary Proceeding are thus misplaced, and their motion based on a determination that the Adversary Proceeding is non-core is premature.

Even should the Bankruptcy Court determine that the Adversary Proceeding is a non-core matter, however, the fact that the Bankruptcy Court must propose findings and conclusions, rather than issue a ruling, does not justify withdrawal. Judicial economy and the resources of the parties are best served by the court that is most familiar with the parties and the issues performing the first review of those issues. Though this court reviews such findings and conclusions *de novo*, such review is an efficient use of the courts' and the parties' resources because the parties are able to further focus their arguments in objection to the Bankrupcy Court's proposals, if they deem such objections necessary. Of course, the court is also mindful of the slippery-slope aspect of this argument; if the district courts

3

withdrew the reference simply to avoid a layer of *de novo* review, it would prevent any non-core matter from ever being effectively referred to the bankruptcy courts.

Second, that the movants have not filed proofs of claim in the bankruptcy proceeding is not material, and does not implicate constitutional issues such as were present in *Stern v. Marshall*, 131 S.Ct. 2594 (2011). The holding of *Stern*, that a bankruptcy court lacked constitutional authority to decide a state-law counterclaim that was not sufficiently connected to the bankruptcy claims as to "necessarily be resolved in the claims allowance process," *id*. at 2618, is narrowly confined to the Congressional grant of authority under 28 U.S.C. § 157(b)(2)(C). *See id.* at 2620; *In re Appalachian Fuels, LLC*, 472 B.R. 731, 740 (E.D. Ky. 2012); *In re Quigley Co., Inc.*, 676 F.3d 45, 52 (2012). *Stern* does not bar the exercise of the Bankruptcy Court's jurisdiction in any and all circumstances where a party to an adversary proceeding has not filed a proof of claim, or where the issue in an adversary proceeding is a matter of state law. Accordingly, *Stern* does not apply to the present motion, and the fact that the movants did not file proofs of claim is not cause for withdrawal.

Finally, the movants' demand for a jury trial does not justify withdrawal of the reference. The movants have the Seventh Amendment right to a jury trial, and the Bankruptcy Court cannot conduct a jury trial without the consent of the parties. *See* 28 U.S.C. § 157(e). However, the Bankruptcy Court's jurisdiction to enter final orders in core matters, or proposed findings and conclusions in non-core matters, is not revoked simply because the movants maintain a right to trial by

4

jury. *See Appalachian Fuels* at *26. Instead, the Bankruptcy Court may retain jurisdiction in such a case until it is established that a trial is actually necessary, or in other words, until the possibilities of summary judgment or other resolution have been extinguished. *See id.*; *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). Allowing the Bankruptcy Court to conduct all case matters prior to trial does not deprive the movants of their right to a jury trial, *see Healthcentral.com* at 787, and thus the existence of a jury demand is not cause to withdraw the reference at this time.

The movants have not demonstrated that cause exists for this court to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court. Accordingly,

**IT IS ORDERED** that the motion (R. 1) is **DENIED**.

Signed on September 19, 2012

Jennifer B. Coffman, Judge
United States District Court

5